**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JIM BOB MEEKS,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-507-Y |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Jim Bob Meeks, TDCJ-ID #870589, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Teague, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Pursuant to a plea agreement, on April 7, 1999, Meeks pled guilty to three charges of

aggravated sexual assault of a child in cause nos. 10960, 10961, and 10962 in the 29th Judicial District Court of Palo Pinto County, Texas, and was sentenced to fourteen years' confinement in each case, the sentences to run concurrently. (1State Habeas R., Writ Index, Instruments 2 & 3; 2State Habeas R., Writ Index, Instruments 2 & 3; 3State Habeas R., Writ Index, Instruments 2 & 3.)[1] Meeks filed an untimely notice of appeal in the Eleventh District Court of Appeals on March 14, 2005, but the appeal was dismissed by that court for lack of jurisdiction on March 24, 2005 . *Meeks v. Texas*, Nos. 11-05-85-CR, 11-05-86-CR & 11-05-87-CR, slip op., 2005 WL 672903 (Tex. App.–Eastland Marc, 24, 2005) (not designated for publication). Meeks did not file a petition for discretionary review. (Petition at 3.) He did, however, file three state applications for writ of habeas corpus, one for each conviction, on June 21, 2005, raising one or more of the issues presented herein, which were denied without written order by the Texas Court of Criminal Appeals on September 21, 2005. (1State Habeas R., at cover & Writ Index, Instrument 1; 2State Habeas R., at cover &Writ Index, Instrument 1; 3State Habeas R., at cover & Writ Index, Instrument 1; Resp't Answer, Exhibit A.) Meeks filed this federal petition for writ of habeas corpus on May 22, 2006.[2] Pursuant to court order, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Meeks has replied.

### D. Issues

Meeks brings seventeen grounds attacking his 1999 convictions. (Petition at 7 &

---

[1] "1State Habeas R." refers to the state court record in Meeks's state habeas Application No. WR-62,481-01; "2State Habeas R." refers to the state court record in his state habeas Application No. WR-62,481-02; "3State Habeas R." refers to the state court record in his state habeas Application No. WR-62,481-03.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Attachment.)

E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  The statute provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct

3

review.[3] For purposes of this provision, Meek's convictions became final upon expiration of the time that he had for filing a timely notice of appeal on May 7, 1999, and closed on May 7, 2000, absent any tolling. *See* Tex. R. App. P. 26.

Meeks's state habeas applications filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Meeks asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Meeks's federal petition filed on May 22, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II.  RECOMMENDATION

Meeks's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

---

[3]In support of his petition, Meeks attached the affidavit of Tammy Burns, in which she avers that she heard Meek's attorney strongly advise him to take the plea bargain and the prosecutor tell a state's witness what the witness was supposed to say on cross-examination. (Petition, Attachment, Affidavit 3.) According to Meeks, her affidavit presents new evidence that he could not have discovered until March 2004, when Burns told a family member. (Pet'r Reply at 2.) Meek's argument implicates § 2244(d)(1)(D), however, subsection (D) does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support one or more of his claims. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 23, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

      SIGNED November  2 , 2006.

                         /s/ Charles Bleil
                        CHARLES BLEIL
                        UNITED STATES MAGISTRATE JUDGE